IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF SOUTH TRUST § <br> BANK, NOW KNOWN AS WACHOVIA § <br> BANK, N.A., AS OWNER OF § <br> MARQUETTE TRANSPORTATION CO., § <br> INC., AS MASTER BAREBOAT § <br> CHARTERER OF, AND AEP MEMCO § <br> LLC D/B/A MEMCO BARGE LINE, AS § <br> BAREBOAT CHARTERER, OWNER PRO § <br> HAC VICE AND OPERATOR OF BARGE § <br> MTC 539B, OFFICIAL NO. 1153576, § <br> PRAYING FOR EXONERATION FROM § <br> OR LIMITATION OF LIABILITY § | CIVIL ACTION NO. 1:06CV544-LG-JMR |

**MEMORANDUM OPINION AND ORDER DENYING
SOUTH TRUST BANK'S MOTION TO DISMISS**

THIS MATTER IS BEFORE THE COURT on Defendant, South Trust Bank's Motion to Dismiss [29]. Claimant, Crowley Line Services, Inc. ("Crowley") has filed a Response, and South Trust has filed a Reply. After due consideration of the submissions and the relevant law, it is the Court's opinion that Crowley has stated a claim upon which relief can be granted. Accordingly, the Motion to Dismiss [29] will be denied.

**FACTS**

On February 15, 2006, Richard R. Perez and Eileen M. Perez ("the Perezes") filed suit in the Circuit Court of Harrison County, Mississippi, against Allstate Insurance Company, Audubon Insurance Company, Robert H. Dean, Crowley Line Services, Inc., South Trust Bank, and Barge MTC 539b, seeking to recover for damage to their home that occurred during Hurricane Katrina. The Perezes alleged that their home was damaged by hurricane winds, storm surge, the impact of certain equipment owned by Crowley, and/or the impact of barge MTC 539B, which was owned and operated by South Trust. The Perezes' suit was removed to this Court and was assigned

Civil Action No. 1:06cv402-LTS-RHW.  The Perezes' Motion to Remand was granted on March 28, 2007.

On May 26, 2006, South Trust filed this limitation of liability action pursuant to 46 U.S.C. §§181-196 (2006).[1]  The Perezes and Crowley asserted claims against South Trust in the limitation of liability action.  Crowley's claim is a claim for indemnity, since it alleges that South Trust's barge struck its equipment, causing the equipment to become dislodged and strike the Perezes' home during the hurricane.  On January 23, 2007, the Perezes and South Trust filed a Joint Motion to Dismiss seeking dismissal of the Perezes' claims against South Trust in the limitation of liability suit with prejudice and agreeing that the Perezes "will not seek and are hereafter barred and forever prohibited from recovering from Crowley Liner Services, Inc. or any other defendant or party, any money in excess of the percentage of fault as may be allocated to Crowley Liner Services Inc. or any other defendant or party, by the trier of fact, in whichever forum the matter is ultimately resolved." (Joint Mot. to Dismiss at 2).  Accordingly, a Judgment of Dismissal of the Perezes' claims was entered January 23, 2007.  However, the Perezes' claims against Crowley and South Trust are still pending in the separate suit that was filed by the Perezes in the Circuit Court of Harrison County, Mississippi.  South Trust has filed a Motion to Dismiss Crowley's indemnity claim, alleging that the indemnity claim is derivative of the Perezes' dismissed claim, and should therefore be dismissed.

---

[1] The Court acknowledges that the Limitation of Liability Act was repealed effective October 6, 2006, and recodified.  However, South Trust filed its Complaint on May 26, 2006, and therefore the Court will refer to the Limitation of Liability Act that was in effect on the date that South Trust filed its Complaint.

## DISCUSSION

In support of its Motion to Dismiss, South Trust argues that Crowley's claim for indemnification is moot since the Perezes' claims have been dismissed from the limitation of liability suit. Specifically, South Trust argues that "Crowley will not be liable for any damages that may ultimately be attributed to [South Trust]." (South Trust's Reply at 4). In support of its argument, South Trust relies on a stipulation entered between South Trust and the Perezes that provides that the Perezes "will not seek and are hereafter barred and forever prohibited from recovering from Crowley Liner Services, Inc. or any other defendant or party, any money in excess of the percentage of fault as may be allocated to Crowley Liner Services Inc. or any other defendant or party, by the trier of fact, in whichever forum the matter is ultimately resolved." (Joint Mot. to Dismiss at 2). Crowley argues that its claim against South Trust is not moot since it has a claim for implied indemnity.

"When one person is required to pay money which another person in all fairness should pay, then the former may recover indemnity from the latter in the amount which he paid, provided the person making the payment has not conducted himself in a wrongful manner so as to bar his recovery." *Bush v. City of Laurel*, 215 So. 2d 256, 259 (Miss. 1968). The party seeking indemnity has the burden of proving 1) that it was legally liable to an injured third party, 2) that it paid under compulsion, and 3) that the amount it paid was reasonable. *Certain Underwriters at Lloyd's of London v. Knostman*, 783 So. 2d 694, 698 (¶10) (Miss. 2001). Additionally, the party must prove that it was not actively negligent. *T & S Express, Inc. v. Liberty Mutual Ins. Co.*, 847 So. 2d 270, 272 (¶7)(Miss. Ct. App. 2003)(citing *Bush*, 215 So. 2d at 259); *Hartford Casualty Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1216 (¶35)(Miss. 2002).

Crowley contends that the Perezes are still seeking to recover damages from Crowley in their suit that has now been remanded to the Circuit Court of Harrison County, Mississippi, and that a jury could reasonably find that South Trust's active negligence in failing to properly secure its barge set in motion the chain of events that led to Crowley's equipment striking the Perezes' home.  As Crowley correctly points out, the stipulation entered by South Trust and the Perezes does not prevent a jury from holding Crowley liable for damages that resulted from the alleged active negligence of South Trust.

## CONCLUSION

The Court finds that Crowley's claim for indemnity was not precluded by the stipulation entered between the Perezes and South Trust.  Therefore, South Trust's Motion to Dismiss should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that South Trust Bank's Motion to Dismiss [29] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2007.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE