IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF SOUTH TRUST § <br> BANK, NOW KNOWN AS WACHOVIA § <br> BANK, N.A., AS OWNER OF § <br> MARQUETTE TRANSPORTATION CO., § <br> INC., AS MASTER BAREBOAT § <br> CHARTERER OF, AND AEP MEMCO § <br> LLC D/B/A MEMCO BARGE LINE, AS § <br> BAREBOAT CHARTERER, OWNER PRO § <br> HAC VICE AND OPERATOR OF BARGE § <br> MTC 539B, OFFICIAL NO. 1153576, § <br> PRAYING FOR EXONERATION FROM § <br> OR LIMITATION OF LIABILITY § | CIVIL ACTION NO. 1:06CV544-LG-JMR |

**ORDER GRANTING IN PART AND DENYING IN PART
SOUTH TRUST BANK'S MOTION FOR RECONSIDERATION**

THIS MATTER IS BEFORE THE COURT on South Trust Bank's Motion for Reconsideration [38] of this Court's Order denying South Trust's Motion to Dismiss [37]. Claimant, Crowley Line Services, Inc. ("Crowley"), has filed a Response, and South Trust has filed a Reply. After due consideration of the submissions and the relevant law, it is the Court's opinion that South Trust's Motion should be granted in part and denied in part. The Court further finds that this action should be stayed.

On June 12, 2007, this Court entered an Order denying South Trust's Motion to Dismiss, since Crowley's claim for common law indemnity was not precluded by a stipulation entered between the Perezes and South Trust that provided that the Perezes "will not seek and are hereafter barred and forever prohibited from recovering from Crowley Liner Services, Inc. or any other defendant or party, any money in excess of the percentage of fault as may be allocated to Crowley Liner Services Inc. or any other defendant or party, by the trier of fact, in whichever forum the matter is ultimately resolved." South Trust filed a Motion for Reconsideration,

initially arguing that Crowley's common law indemnity claim was mooted by an order entered in a state court action in which the court held that the Perezes "are barred and forever prohibited" from recovering from Crowley any portion of their damage that was allegedly caused by others. Additionally, in its Reply in support of its Motion for Reconsideration, South Trust argues that general maritime law governs this action, and therefore Mississippi's doctrine of common law indemnity does not apply.

Common law indemnity arises under general maritime law when there is a significant difference in the indemnitor and indemnitee's degree of wrongful conduct. *Cities Serv. Co. v. Lee-Vac, Ltd.*, 761 F.2d 238, 240 (5th Cir. 1985). Therefore, both Mississippi common law indemnity and maritime common law indemnity would potentially allow recovery for Crowley's claim that it was at most passively negligent, while South Trust was actively negligent in causing the damages suffered by the Perezes. *See Home Ins. Co. of New York v. Atlas Tank Mfg. Co.*, 230 So. 2d 549, 551 (Miss. 1970)("The general rule governing implied indemnity for tort liability is that a joint tortfeasor, whose liability is secondary as opposed to primary, or is based on imputed or passice negligence as opposed to positive negligence, . . . may be entitled, upon equitable consideration, to shift his responsibility to another joint tortfeasor.") While the stipulation and order relied upon by South Trust may affect a claim for contribution, these documents do not moot Crowley's claim of common law indemnity under either Mississippi law or maritime law.

However, a claim for indemnity arises only after the party seeking indemnity is held liable. *Hercules, Inc. v. Stevens Shipping Co.*, 698 F.2d 726, 732 (5th Cir. 1983). Therefore, the Court finds that this action should be stayed and administratively closed until such time as a

judgment is entered against Crowley in the state court action.

**IT IS THEREFORE ORDERED AND ADJUDGED** that South Trust's Motion for Reconsideration [38] of this Court's Order denying South Trust's Motion to Dismiss [37] is **GRANTED IN PART AND DENIED IN PART**.  The above captioned cause is hereby **STAYED** until such time as Crowley Line Services, Inc.'s claim is ripe for adjudication.    All other relief requested in South Trust's Motion is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the above captioned cause should be closed for statistical purposes.  However, Claimant, Crowley Line Services, Inc., is granted leave to file a Motion to Reopen this case at such time when its claim is ripe for adjudication.

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2007.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE